(C.D. 3570)

JOHN J. COATES CO. v UNITED STATES

United States Customs Court, First Division

(Decided September 24, 1968)

*Sharretts, Paley, Carter & Blauvelt* (*Charles P. Deem* of counsel) for the plaintiff.

*Edwin L. Weisl, Jr.,* Assistant Attorney General (*Sheila N. Ziff,* trial attorney), for the defendant.

Before WATSON and MALETZ, Judges

WATSON, Judge: The merchandise covered by the consolidated protests in the case at bar consists of certain items invoiced as shoe ornaments. They are assessed with duty at the rate of 50 per centum ad valorem under paragraph 1518(a) of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, T.D. 53865 and T.D. 53877, as artificial flowers in chief value of synthetic textiles.

Plaintiff contends that the articles in question are not artificial flowers but are properly dutiable at the rate of 42½ per centum ad valorem under paragraph 1529(a) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, as ornaments in chief value of synthetic textiles.

It was stipulated between the parties that the articles in question, represented by item S–102, in the form of a small, round, somewhat flower-like article, are in chief value of synthetic textiles. (R. 4, 5.)

The sole witness, appearing on behalf of the plaintiff, was Mr. Ben Peretz, president of Bow Art, Inc., importer of the involved merchandise. His uncontradicted testimony was to the effect that he had many times observed the manufacture of ladies' play shoes by numerous customers of his company to whom the item under consideration had been sold, and had also observed the application by the shoe manufacturers of item S–102 as an embellishment on the vamps of shoes (R. 8–11); that he had never observed item S–102 being used other than as a shoe ornament (R. 12); and that his company had sold the involved item only to shoe manufacturers (R. 13). The witness further stated that in order to make item S–102 suitable for stapling to shoes, it was manufactured with a tab on the back, having two flanges, known as a keeper (R. 14–18); that the article was imported in three colors, to match the colors of the shoes with which it was to be used. (R. 18–19.)

Subsequent to the hearing in this case, defendant filed the following "statement":

Upon reviewing the record herein, plaintiff's brief and the pertinent judicial authorities, the Government has concluded that plaintiff has made a *prima facie* case, and requests to be relieved from filing a brief.

In our opinion, examination of the representative samples in this case, and the uncontradicted testimony of plaintiff's witness herein, together with the concession made by the defendant above noted, persuades us that the involved items are not artificial flowers, as that term is commonly understood. *Marshall Field & Co.* v. *United States*, 45 CCPA 72, C.A.D. 676. Accordingly, the classification of the in-

volved articles as artificial flowers was erroneous. Plaintiff, on its part has established that the articles are in fact properly dutiable under paragraph 1529 (a), *supra*, at the rate of 42½ per centum ad valorem as ornaments in chief value of synthetic textiles, as claimed. The protests are sustained.

Judgment will issue accordingly.